IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SHIRLEY MOORE,**<br><br>        Plaintiff,<br><br>   v.<br><br>**WAL-MART STORES, INC.,**<br><br>        Defendant. | Case No. 15cv05141<br><br>Judge: Honorable Judge Samuel Der-Yeghiayan<br>Magistrate Judge Jeffrey Cole |

## JOINT JURISDICTIONAL STATUS REPORT

Now comes Defendant, Wal-Mart Stores, Inc. ("Walmart" or "Defendant"), by and through its attorneys, Littler Mendelson, P.C., and Plaintiff, Shirley Moore ("Plaintiff" or "Moore"), by and through her attorney, pursuant to the Court's Standing Order, and for their Joint Jurisdictional Status Report state as follows:

**I.    SUBJECT MATTER JURISDICTION**

Defendant removed this case to federal court from the Circuit Court of Cook County, Illinois. Subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. First, complete diversity exists. For diversity purposes, an individual is a citizen of the state in which he or she resides with the intent to remain. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). "Intent to remain" for diversity purposes has been described as "a state of mind which must be evaluated through the circumstantial evidence of a person's manifested conduct." *Sadat v. Mertes*, 615 F.2d 1176, 1181 (7th Cir. 1980).

Plaintiff has been a citizen of Illinois since at least August 1, 2014. Plaintiff currently resides at 21809 Orion Avenue in Sauk Village, Illinois, and she has resided there since on or about August 1, 2014. *See* Moore Affidavit attached hereto as Exhibit A, ¶ 1. Moore is the lessee of those premises pursuant to a lease that runs from August 1, 2014, through July 31, 2015. *See* Moore Affidavit attached hereto as Exhibit A, ¶ 2 and Exhibit 1 referenced therein. Moore has an Illinois driver's license which was issued September 25, 2014. *See* Moore Affidavit attached hereto as Exhibit A, ¶ 3 and Exhibit 2 referenced therein. It is Moore's intent to continue to live in Illinois for the foreseeable future. *See* Moore Affidavit attached hereto as Exhibit A, ¶ 1. This lawsuit was filed in the Circuit Court of Cook County on May 7, 2015.

Defendant is not a citizen of Illinois. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the State in which it was incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant Wal-Mart Stores, Inc. was incorporated under the laws of the State of Delaware in October 1969. *See* Wal-Mart Stores, Inc. Form 10-K attached hereto as Exhibit B, at 1; 7. Walmart began in 1945 in Newport, Arkansas and its principle place of business remains in Arkansas. *See id.* at 7. Accordingly, for purposes of determining diversity of citizenship, Walmart is a citizen of Delaware and Arkansas and is not a citizen in Illinois. *See* Exhibit B.

Second, the amount in controversy in this action more likely than not exceeds $75,000, exclusive of interests and costs. Plaintiff seeks to recover compensatory damages for her mental distress and suffering resulting from the instances of sexual harassment alleged in paragraph 7 of the Complaint. *See* Compl. Plaintiff seeks compensatory damages "in excess of Fifty Thousand Dollars," plus an unspecified amount in punitive damages and attorney's fees. Compl. at 5 (*ad damnum* clause). In removing this case to the United States District Court for the Northern

District of Illinois, Eastern Division, it is the Defendant's position, which the Plaintiff does not contest, that the Plaintiff's claim for punitive damages may be aggregated with her claim for compensatory damages, and, together, those claims satisfy the amount in controversy requirement of the diversity statute. *See Bell v. Preferred Life Assur. Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."). If Plaintiff is able to prove her claim of sexual harassment, she potentially may recover monetary damages in excess of $75,000. *See generally Farfaras v. Citizens Bank & Tr. of Chicago*, 433 F.3d 558, 566-67 (7th Cir. 2006) (affirming jury verdict on sexual harassment claim awarding $200,000 in compensatory damages and $100,000 in punitive damages). Thus, the amount in controversy is satisfied.

## II.  VENUE (PLAINTIFF'S POSITION)

28 U.S.C. §1441(a), concerning removal of actions from state court to federal court provides, in pertinent part, that an action subject to removal "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Plaintiff filed this action in the Circuit Court of Cook County, Illinois, which is in the Northern District of Illinois, Eastern Division. 28 U.S.C. §93(a). Accordingly, the Defendant removed this action to the appropriate venue.

28 U.S.C. ¶1391, the general venue statute, provides, in subsection (b)(2), that "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ." This is an action brought under the Illinois Human Rights Act (775 ILCS 5/1-101, *et seq.*) in which the Plaintiff is seeking damages for sexual harassment. The incidents of sexual harassment that are the bases of the Complaint occurred at the Wal-Mart store in Lansing, Illinois, which is in Cook County. *See* Moore

Affidavit attached as Exhibit A, ¶ 4. Accordingly, under the general venue statute, venue is proper in the Northern District of Illinois, Eastern Division, because a substantial part of the events giving rise to the claim occurred in that district and division.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| SHIRLEY MORE | WALMART STORES, INC. |
| By: *s/ Joanie Rae Wimmer (with permission)* | By: *s/ O. Hanna Badmus* |
| Attorney for the Plaintiff | One of Their Attorneys |
| Counsel for Plaintiff ARDC # 3125600<br>Joanie Rae Wimmer<br>Attorney at Law<br>928 Warren Avenue<br>Downers Grove, Illinois 60515<br>630.810.0005<br><br>*Attorney for Plaintiff* | Jennifer Schilling ARDC # 6256634<br>O. Hanna Badmus ARDC# 6308524<br>LITTLER MENDELSON, P.C.<br>321 North Clark Street<br>Suite 1000<br>Chicago, IL 60654<br>312.372.5520<br><br>*Attorneys for Defendants* |

Dated: August 6, 2015

## CERTIFICATE OF SERVICE

O. Hanna Badmus, an attorney, hereby certifies that, on August 6, 2015, she caused a copy of the foregoing *Joint Jurisdictional Status Report* to be filed electronically with the Clerk of the Court using the Court's CM/ECF System, which will send notification to the following:

Joanie Wimmer<br>
928 Warren Avenue<br>
Downers Grove, Illinois 60515<br>
jwimmerlaw@sbcglobal.net

                                              *s/O. Hanna Badmus*
                                               O. Hanna Badmus

Firmwide:135145755.1 999999.6600