# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHIRLEY MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 5141 |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Wal-Mart Stores, Inc.'s (Wal-Mart) motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted.

## BACKGROUND

In 2013, Plaintiff Shirley Moore (Moore) was allegedly employed by Wal-Mart as a sales associate to work at a Wal-Mart store in Lansing, Illinois (Lansing Store). Robert Rudd (Rudd) was allegedly an Assistant Manager at the Lansing Store and was one of Moore's supervisors. Moore contends that between January 2013 and April 2013, Rudd regularly made statements to Moore that Moore believed to be of a sexual nature. Rudd also allegedly made inappropriate physical contact

1

with Moore on one occasion. Wal-Mart contends that in April 2013 it terminated Moore's employment due to excessive absenteeism. After the termination, Moore allegedly complained about the alleged harassment by Rudd and Wal-Mart conducted an investigation. Wal-mart contends that it conducted an investigation and that although it failed to discover evidence to support Moore's claims, it reinstated her employment. Wal-Mart contends Rudd is no longer employed at Wal-Mart. Moore includes in her complaint a hostile work environment claim brought under the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-101 *et seq.* Moore filed the instant action in state court and Wal-Mart removed the action to federal court. Wal-Mart now moves for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a

motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

The IHRA guarantees "all individuals within Illinois the freedom from discrimination. . . because of . . . her . . .sex" *Rozsavolgyi v. City of Aurora*, 58 N.E.3d 65, 74-75 (Ill. App. Ct. 2016). The IHRA defines sexual harassment as "any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment." *Id.* (internal quotations omitted)(quoting 775 ILCS 5/2-101(E)); *see also Trayling v. Bd. of Fire & Police Comm'rs of Vill. of Bensenville*, 652 N.E.2d 386, 394 (Ill. App. Ct. 1995)(noting that in *Harris v. Forklift Systems, Inc.* 510 U.S. 17 (1993), "the Supreme Court further defined how courts should determine whether conduct is severe or pervasive enough to create an objectively hostile or abusive work environment under Title VII")(internal quotations omitted); *see also Frey v. Coleman*, 141 F. Supp. 3d 873, 879 (N.D. Ill. 2015)(stating

that "[t]he requirements to make out a sexual harassment claim under the IHRA are substantially the same" as those under Title VII); *Hoosier v. Greenwood Hosp. Mgmt. LLC*, 32 F. Supp. 3d 966, 975 (N.D. Ill. 2014)(stating that "in determining what constitutes harassment and a hostile work environment under the IHRA, Illinois courts and the Illinois Department of Human Rights have examined federal decisions under Title VII as the 'prohibition of harassment in the Act closely parallels that found in Title VII'")(quoting *Trayling v. Bd. of Fire & Police*, 652 N.E.2d 386, 393 (Ill. App. Ct. 1995)). Wal-Mart contends that there is no evidence showing any harassment based upon Moore's sex and that any harassment was not sufficiently severe or pervasive to be actionable.

I. Discrimination Because of Sex

Wal-Mart argues that the evidence does not indicate that the alleged comments and actions by Rudd were related to Moore's sex. Moore contends that Rudd regularly commented when Moore walked past him that her pants were "fitting really nicely." (RSF Par. 39). Wal-Mart theorizes that Rudd might have been merely commenting that Moore was in compliance with the dress code that prohibited uniforms that were too tight or loose and that Rudd's comments thus were not of a sexual nature. While Wal-Mart could make such an argument to the trier of fact at a trial, the evidence is not such that the court can make such a finding in favor of Wal-Mart as a matter of law. Wal-Mart, as the movant, is not entitled to inferences in its favor. Wal-Mart also argues that Moore is merely speculating that Rudd was

"thinking sexual thoughts" when commenting on Moore's nicely fitting pants. (Reply 3). Moore is not, however, burdened under the law with coming up with evidence to prove what thoughts were inside Rudd's head at the time. The circumstantial evidence is such that a reasonable trier of fact could conclude that Rudd was not making a visual uniform compliance check of Moore as Wal-Mart proposes, and was instead making a comment of a sexual nature. *See, e.g., Frey*, 141 F. Supp. 3d at 881 (concluding that a "reasonable jury could only conclude that" the alleged harasser's "remarks were based on sex"). Wal-Mart cites to a case where a police supervisor commented on the tightness of a subordinate officer's uniform during a routine uniform inspection, but that is not close to the facts of this case. *See Hilt-Dyson v. City Of Chicago*, 282 F.3d 456, 460 (7th Cir. 2002)(concluding that comment during uniform inspection was not because of sex).

Rudd also allegedly made statements to Moore with words to the effect that, if she could read his eyes, she would know what he was thinking. (RSF Par. 39). Wal-Mart contends that such a statement does not necessarily indicate that he was making a romantic comment to Moore, and that there could have been other reasons for such a statement. While Wal-Mart can take that position, the evidence does not preclude a conclusion that the comment was intended, as Moore believes, to be a romantic overture by Rudd. Such an ambiguous statement coupled with other statements such as those regarding Moore's pants could have been intended to convey sexual innuendo.

Moore also contends that on one occasion she met with Rudd to complete a request for financial assistance under the Associate in Critical Needs Trust (ACNT) program. (RSF Par. 48). Moore claims that she was crying and upset and that Rudd came and sat next to her and rubbed her back. (RSF Par. 48-50). Rudd then allegedly removed his hand from her back and placed it on the top of her thigh and told her that "it was all in the wording, and that all he needed was a little encouragement, and she would be approved." (RSF Par. 51). After assisting Moore, Rudd allegedly gave Moore his home phone number and requested that she call him.

Wal-Mart contends that there are innocuous reasons why Rudd might have taken such actions and made such statements. Wal-Mart argues that "it is clear that Rudd was merely trying to comfort" Moore. (Mem. SJ 6). Wal-Mart also points out that there is no evidence that shows that Rudd failed to assist Moore even though Moore never agreed to enter into any sexual relationship with Rudd. Wal-Mart contends that is an indication that there was not an attempt at a *quid pro quo* form of harassment. *See Byrd v. Wisconsin Dep't of Veterans Affairs*, 98 F. Supp. 3d 972, 980 (W.D. Wis. 2015)(giving elements for *quid pro quo* harassment). Also, Rudd allegedly gave Moore his home phone number after he had finished helping Moore to submit the ACNT application. (SAF Par. 8).

Wal-Mart is correct that some of the evidence concerning the alleged touching incident is consistent with Rudd wanting to offer emotional support to Moore when she was crying and in need of the ACNT funds. For example, Moore admits that she was crying and shaking and that Rudd told her that he wished that he could help her

6

himself but that he did not have any extra funds available. (RSF Par. 50); (SAF Par. 7). While it is possible that Rudd was only trying to offer consolation to Moore, it is also possible for a reasonable trier of fact to conclude, based on the contemporaneous alleged comments, such as Rudd's mention of "encouragement" and prior alleged comments regarding her pants fitting "nicely" that Rudd was making a sexual advance towards Moore when placing his hand on her thigh. Based upon the facts and circumstances surrounding the above-referenced ambiguous statements made by Rudd, Moore has provided sufficient evidence to show at this juncture that alleged harassment was taken against her because of her sex.

II. Severe or Pervasive Harassment

Wal-Mart also contends that the alleged harassment by Rudd was not sufficiently severe or pervasive to be actionable. Although Moore asserts that Rudd repeatedly made comments to Moore, she alleges that the statements were only made during a four month period. Moore does not allege that the alleged comments relating to Moore's pants and looking into Rudd's eyes were of a threatening nature. While such comments might have been offensive to Moore, that is not sufficient under the law to constitute actionable harassment. *See Scruggs v. Garst Seed Co.*, 587 F.3d 832, 840 (7th Cir. 2009)(stating that "[f]actors in our assessment include the severity of the allegedly discriminatory conduct, its frequency, whether it is physically threatening or humiliating or merely offensive, and whether it unreasonably interferes with an employee's work performance"); *Minor v. Ivy Tech*

7

*State Coll.*, 174 F.3d 855, 858 (7th Cir. 1999)(stating that "[i]t is not enough that a supervisor or coworker fails to treat a female employee with sensitivity, tact, and delicacy, uses coarse language, or is a boor" and that "[s]uch failures are too commonplace in today's America, regardless of the sex of the employee, to be classified as discriminatory").

Moore does allege that, on one occasion, Rudd placed his hand on her back and thigh, but there is no indication that Rudd attempted to touch what would be considered an intimate body part of Moore. Although touching can support a sexual harassment claim, isolated touching of a body part that is not an "intimate body part," sometimes may not suffice to constitute actionable harassment. *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 685-86 (7th Cir. 2010)(stating that "[p]erhaps the most heavily emphasized factor . . . is whether there was inappropriate touching," that "[t]he fact that conduct . . . involves touching as opposed to verbal behavior increases the severity of the situation," and that "[t]his is especially true when the touching is of an intimate body part")(internal quotations omitted)(quoting *Worth v. Tyer*, 276 F.3d 249, 268 (7th Cir. 2001)); *Worth*, 276 F.3d at 268 (stating that the court has "previously recognized that direct contact with an intimate body part constitutes one of the most severe forms of sexual harassment"); *Saxton v. Am. Tel. & Tel. Co.*, 10 F.3d 526, 528 (7th Cir. 1993)(finding insufficient evidence to show a hostile work environment where supervisor placed hand on plaintiff's thigh several times and kissed the plaintiff). When viewing the evidence in its totality, the alleged ambiguous statements and limited physical contact with Moore are not sufficient to constitute

actionable harassment. *See, e.g., Adusumilli v. City of Chicago*, 164 F.3d 353, 361-62 (7th Cir. 1998)(finding that ambiguous comments and one isolated touching of the plaintiff's buttocks did not constitute actionable harassment.). Moore does not assert that the alleged touching was done in a physically threatening or aggressive manner. *See Moser v. Indiana Dep't of Corr.*, 406 F.3d 895, 902 (7th Cir. 2005)(indicating a court should consider factors such as "whether it is physically threatening or humiliating").

Not every instance of sexual harassment in the workplace is sufficient to constitute a hostile work environment. *See Saxton*, 10 F.3d at 537 (finding that "[t]he conduct of [the plaintiff's] superior was inappropriate and unprofessional" but that "[n]onetheless, the record does not reasonably support an inference that the misconduct Saxton has described was so serious or pervasive that it created a hostile work environment"); *Shephard v. Wal-Mart Stores E., LP*, 2015 WL 3796006, at *4 (N.D. Ind. 2015)(concluding that while the alleged harasser's "questions regarding plaintiff's divorce and his practice of putting his arm around plaintiff each morning to say hello went on for one or two years, this conduct is tinged with sexual innuendo, at best, and not severe in the legal sense" and noting that the conduct was not "physically threatening or humiliating"). When considering the evidence in its entirety, neither the alleged pervasiveness nor the alleged severity of the alleged conduct is sufficient to support a hostile work environment claim brought under the IHRA. Therefore, Wal-Mart's motion for summary judgment is granted.

## CONCLUSION

Based on the foregoing analysis, Wal-Mart's motion for summary judgment is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 8, 2017